CALLAHAN, Circuit Judge,
concurring:
I concur. I agree that a rational fact-finder could conclude that Officer Clay’s use of force was unreasonable. However, I think the majority’s dicta, which characterizes Officer Clay’s actions, is inappropriate. In my view, the disposition unnecessarily suggests the resolution of several contested issues of fact. Mem. Dispo. at 2-3. As the majority notes, we view the facts and inferences in the light most favorable to Kita at this stage of the litigation: See Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Here, viewing the video footage and the totality of the circumstances before the district court when it denied qualified immunity, Officer Clay has not demonstrated that he is entitled to qualified immunity as a matter of law. We should not go beyond this determination because this panel is not the ultimate fact-finder and cannot know what further evidence may be presented at trial. Anything beyond this determination should not be treated as binding on the parties or law of the case. Accordingly, while I vote to affirm the judgment, I take exception to the dicta in the memorandum disposition that goes beyond this scope to suggest that Officer Clay in fact used excessive force against Kita.